Robert L. Howard, Special Counsel City of Wichita Foulston Siefkin 700 NationsBank Financial Center Wichita, Kansas 67202
Dear Mr. Howard:
As special counsel for the City of Wichita, you request our opinion regarding the countywide retailers' sales tax apportionment formula at K.S.A. 1997 Supp. 12-192(a)(1). Evidently, there is a dispute between the City and Sedgwick County concerning the inclusion in the apportionment formula of a 1987 countywide tax for the benefit of Wichita State University (WSU). K.S.A. 1997 Supp. 12-192(a)(1) establishes the formula to determine how countywide retailers' sales tax proceeds are apportioned among the county and cities in the county:
 "[All] revenue received by the director of taxation from a countywide retailers' sales tax shall be apportioned among the county and each city located in such county in the following manner: (1) One-half of all revenue received by the director of taxation shall be apportioned among the county and each city located in such county in the proportion that the total tangible property tax levies made in such county in the preceding year for all funds of each such governmental unit bear to the total of all such levies made in the preceding year. . . ." (Emphasis added.)
You inquire whether the 1987 countywide tax (hereinafter referred to as the 1987 WSU Tax) should be included in "all funds" of Sedgwick County because even though the County levies the tax, you believe that the proceeds are not "funds" of the County in that all of the proceeds are designated for the use of WSU by virtue of an interlocal cooperation agreement between the City and the County. Alternatively, you argue that some of the proceeds of the levy should be treated as funds of the City of Wichita because the 1987 WSU Tax is levied "on behalf" of the City.
A brief history of the 1987 WSU Tax is necessary before we determine its status in the sales tax apportionment formula of K.S.A. 1997 Supp.12-192(a)(1). In 1987, the Board of County Commissioners of Sedgwick County and the Wichita City Commission entered into an interlocal cooperation agreement whereby the County agreed to impose a 1 1/2 mill tax levy on all taxable tangible property in Sedgwick County for the benefit of WSU in return for the City's agreement to cease levying its own 1 1/2 mill tax levy for the benefit of WSU as authorized by K.S.A. 76-3a01. [K.S.A. 76-3a01 et seq. authorizes the City of Wichita to levy an annual tax of 1 1/2 mills on all taxable tangible property within the City. The proceeds are used to retire outstanding bonds of WSU with any surplus going directly to the WSU Board of Trustees for certain purposes designated by the City within the scope of K.S.A. 76-3a16.]
This office does not issue opinions interpreting interlocal cooperation agreements because interpretation is dependent upon the parties' intent, which is based upon facts that are not known to us. However, it appears that the purpose of the agreement was to extend the City tax levy for the benefit of WSU to all taxable tangible property in the County. The funds generated by the proposed County tax levy would be used for WSU as determined by both the City and the County. The use of the proceeds generated from property within the City would be determined by the latter and, likewise, the County would determine the use of the funds generated from the levy on property located outside the corporate limits of the City.
Pursuant to the agreement, the City ceased its K.S.A. 76-3a01 levy and the County, acting pursuant to its home rule authority under K.S.A. 1997 Supp. 19-101a, enacted Resolution No. 221-1987 imposing a countywide tax levy for the benefit of WSU.
Since 1985, Sedgwick County has had a countywide retailers' sales tax which is apportioned among the County and the cities located in the County according to the formula set out in K.S.A. 1997 Supp. 12-192(a)(1). For ten years, Sedgwick County has reported to the Director of Taxation the proceeds of the 1987 WSU Tax as representing a part of "all funds" of Sedgwick County. The City of Wichita now protests this inclusion because it argues that these funds, although levied by the County, are for the exclusive use of WSU and, therefore, the proceeds are not "funds" of Sedgwick County, or, alternatively, the funds generated by the tax on property located within the City should be treated as "taxes levied for the funds of the City of Wichita."
In Attorney General Opinion No. 79-84, Attorney General Robert T. Stephan concluded that the only tax levies considered in determining the distribution ratio in K.S.A. 12-192(a) are those taxes that are levied by a county or a city located in the county.
 "This statute [K.S.A. 12-192] refers only to `[t]otal tangible tax levies made in such county . . . for all funds of each such governmental unit.' In our judgment, the word `such' is the controlling word in the phrase. As is explained by the Court in Missouri Pac. Rld. Co. v. Atchison County Comm'rs, (citation omitted), when the word `such' is used, it refers to something which precedes it. In K.S.A. 12-192, the only antecedents to which reference is made by the use of the word `such,' are the county and any city located therein. No reference is made to any other governmental unit. Thus, in our judgment, the language is clear, and the only tax levies to be considered in determining the distribution ratio provided in K.S.A. 12-192 are those taxes which are levied by the county or any city located therein."
A fundamental rule of statutory interpretation is that the intent of the Legislature governs when that intent can be ascertained from the statute. When a statute is plain and unambiguous, a court must give effect to the expressed intention of the Legislature rather than determine what the law should or should not be.[1] K.S.A. 1997 Supp.12-192(a)(1) refers to "all funds" of the governmental unit that makes the levy. Clearly, Sedgwick County, not the City of Wichita, levies the 1987 WSU Tax and, therefore, it is our opinion that it is properly included in the apportionment formula as funds of Sedgwick County.
The legislative history of K.S.A. 12-192 supports this conclusion. The predecessor statute to K.S.A. 12-192 was K.S.A. 12-177 (repealed L. 1978, Ch. 56, § 20) which provided an exclusion to the "all funds" language, as follows:
 "[A]ll revenue received by any county treasurer from a countywide retailers' sales tax shall be apportioned among the county and each city and community junior college, all or part of which is located in such county in the following manner: (1) one-half of all revenue received by the county treasurer shall be apportioned among the county and each city and community junior college . . . in the proportion that the total tangible property tax levies made in such county in the preceding year for all funds of each such governmental unit, except funds, tax levies for which are not subject to the limitations imposed by this act, bear to the total of all such levies made in the preceding year. . . ." (Emphasis added.)
The exception in K.S.A. 12-177 referred to those tax levies excluded under the aggregate tax levy limitation imposed by then K.S.A. 79-5001 etseq. (repealed L. 1988, Ch. 393, § 8).[2] Those exceptions, which were excluded from the calculation for "all funds" included certain no fund warrants, principal and interest on bonds, judgments against taxing subdivisions and special assessments. K.S.A. 12-192, enacted in 1978, replaced K.S.A. 12-177 and deleted the exception for tax lid exempt funds. Attorney General Stephan concluded that under K.S.A. 12-192 the county treasurer (now the Director of Taxation) would total "all general fund tax levies and also . . . all special fund tax levies, including those imposed to raise funds with which to pay those items specified in [then] K.S.A. 79-5011 (exemptions from the aggregate tax levy limitations)."
We concur with the analysis of General Stephan in Attorney General Opinion No. 79-84. The countywide retailers' sales tax apportionment formula in K.S.A. 1997 Supp. 12-192(a)(1) requires that one-half of all the revenue from a countywide retailers' sales tax be apportioned among the county and each city located in such county in the proportion that the total taxable tangible property tax levies made in such county in the preceding year for all funds of each such governmental unit bear to the total of all such levies made in the preceding year. "All funds" of a governmental unit as used in K.S.A. 1997 Supp. 12-192(a)(1) means the proceeds of all taxes levied by either a county or a city regardless of the purpose of such taxes. If the Legislature had wanted to exclude from the apportionment formula certain special purpose tax levies, it could have done so as it did in K.S.A. 12-177. The fact that the interlocal cooperation agreement at issue here provides that the funds from a countywide tax will be used for the benefit of Wichita State University and that the City of Wichita may designate the use of the funds generated from taxes on property within the City is irrelevant for purposes of the apportionment formula in K.S.A. 1997 Supp. 12-192(a)(1). Therefore, the 1987 countywide tax levied by Sedgwick County for the benefit of Wichita State University is properly included in the apportionment formula as funds of the county.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] State v. Lewis, 263 Kan. 843 (1998).
[2] Attorney General Opinion No. 79-84.